IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARTFORD ACCIDENT AND INDEMNITY CO., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ZHEN FENG LIN and LI CHEN, )<br>)<br>Defendants. ) | Case No. 20 C 1415 |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In its complaint in this case, Hartford Accident and Indemnity Company alleges the following. Defendant Zhen Feng Lin was in an automobile collision in May 2017 while driving for his employer, Win Seafood, and sustained injuries. He and his wife Li Chen sued the driver of the other car, Katherine Chickey. Chickey's liability insurer apparently paid $100,000—the limits of policy—to settle. Other defendants in the case allegedly paid another $100,000. Zhen then made a claim for worker's compensation. Hartford alleges that that he received about $320,000 in worker's compensation benefits. Zhen and Li then made a claim against the underinsured motorist coverage under Win Seafood's automobile insurance policy, which was issued by Hartford and has a $1,000,000 coverage limit.

A term of the Hartford policy states that underinsured motorist coverage is reduced as follows:

2. . . . by all sums paid or payable:

>   a. By or for anyone who is legally responsible, including all sums paid under this Coverage Form's Covered Autos Liability Coverage.
>
>   b. Under any workers' compensation, disability benefits or similar law. However, the Limit of Insurance for this coverage shall not be reduced by any sums paid or payable under Social Security disability benefits.
>
> …
>
>   3. In the event of a "settlement agreement", the maximum Limit of Insurance for this coverage shall be the amount by which the Limit of Insurance for this coverage exceeds the limits of bodily injury liability bonds or policies applicable to the owner or operator of the "underinsured motor vehicle".
>
>   . . .
>
>   As used in this endorsement:
>   . . .
>
>   3. "Settlement agreement" means we and an "insured" agree that the "insured" is legally entitled to recover, from the owner or operator of the "underinsured motor vehicle", damages for "bodily injury" and, without arbitration, agree also as to the amount of damages. Such agreement is final and binding regardless of any subsequent judgment or settlement reached by the "insured" with the owner or operator of the "underinsured motor vehicle".

Compl., Ex. A (dkt. 1-1) at ECF pp. 36, 38.

In its complaint, Hartford alleges that the parties agree that the $1,000,000 limit under the underinsured motorist coverage is reduced by the $100,000 received from Chickey's insurer. Hartford also alleges that the limit is also reduced by the worker's compensation that Zhen has received, but it says that Zhen disputes this. Hartford filed the present suit seeking a declaratory judgment in its favor on this point.

**1.     Motion to stay pending arbitration or to dismiss**

Zhen and Li contend that Hartford's claim should be submitted to arbitration.

2

They rely on a provision of the underinsured motorist endorsement that says this:

> If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "underinsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated. Either party may make a written demand for arbitration. . . .

*Id.*, p. 38.

Evidently there is also a dispute between Hartford and Zhen and Lin about the amount of damages recoverable, and that dispute has been submitted to arbitration. Zhen and Lin argue that the dispute over whether the worker's compensation coverage reduces the policy limits should also be submitted to arbitration. They rely on the policy language stating that if there is a dispute over the amount of damages recoverable, "the matter" may be arbitrated. Zhen and Lin contend that "the matter" includes not just the amount-of-damages dispute, but *all* of the parties' disputes. Defs.' Mot. to Stay at 6.

Hartford contends that the arbitration provision calls for arbitration of legal entitlement to recover damages from the underinsured motorist and the amount of damages recoverable, but that's it. Hartford argues that the dispute over whether worker's compensation coverage reduces the policy limit is neither a dispute over legal entitlement to recover damages from the other motorist nor a dispute over the amount of damages recoverable. It also contends that the parties' dispute is a "dispute[ ] concerning coverage under this endorsement" that is expressly excluded from arbitration.

The dispute identified in Hartford's declaratory judgment complaint is not a "dispute concerning coverage." As Zhen and Lin argue, coverage means whether the particular event or risk is included under the insurance policy. *See* Black's Law

3

Dictionary (11th ed. 2019). Hartford has not identified any dispute about whether the injuries Zhen suffered in the collision with Chickey are covered under the underinsured motorist endorsement.

Neither, however, is the dispute identified by Hartford a dispute over whether Zhen and Li are legally entitled to recover damages from Chickey or over the amount of damages recoverable by Zhen or Li. In fact, there does not appear to be any dispute between the two sides in this case over whether Zhen and Li are entitled to recover from Chickey. And the dispute over whether Zhen's worker's compensation recovery is offset against settlement is not a dispute over "the amount of damages that are recoverable by [the] 'insured,'" i.e., by Zhen. Rather it is a dispute over whether, and the extent to which, the amount he is entitled to claim under his employer's underinsured motorist coverage is offset by a sum he has received from another source. It is true, as defendants note, that "any doubt concerning the scope of [an] arbitration clause is resolved in favor of arbitration," *Gore v. Alltel Communications, LLC*, 666 F.2d 1027, 1032 (7th Cir. 2012), but here there is no doubt: the dispute identified in Hartford's complaint is not a dispute over "the amount of damages that are recoverable" by the defendants. "[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit," *Williams Charles Construction Co. v. Teamsters Local Union 627*, 827 F.3d 672, 679 (7th Cir. 2016) (quoting *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648 (1986)), and Hartford did not agree to submit this particular type of dispute to arbitration.

The Court also overrules defendants' contention that the phrase "the matter may be arbitrated" broadens the scope of arbitrable disputes beyond the contractual

4

limitation once *something* is appropriately submitted to arbitration. Contractual terms must be read in context, and here the context makes it clear that the "matter to be arbitrated" is a dispute over legal entitlement to recover from the tortfeasor or a dispute over the amount of damages recoverable, i.e. the types of disputes for which the insurance contract provides for arbitration. The term "matter to be arbitrated" is in no way ambiguous.

     Zhen and Li argue in the alternative that if arbitration of the worker's compensation offset issue is not sent to arbitration, the lawsuit should be stayed until the arbitration is completed. There is no good reason to do that other than the one that defendants seem to want—to enable them to try to strong-arm or cajole Hartford into arbitrating the worker's compensation offset issue along with the dispute over the amount of damages recoverable. The dispute alleged in Hartford's complaint does not overlap legally or factually with the matter or matters that have been submitted to arbitration. Defendants have not shown a basis for abstention or stay under *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), and *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

     Finally, Zhen and Li have not shown that National Liability & Fire Insurance Co., which provided coverage to LAD Logistics, Inc., by which Zhen was also employed, is a party "required to be joined if feasible" under Federal Rule of Civil Procedure 19(a). National Liability's absence does not in any way prevent the Court from according complete relief as between Hartford and the defendants regarding the worker's compensation offset issue, nor have defendants shown that National Liability's absence will as a practical matter impair or impede its ability to protect its interest. *See* Fed. R.

5

Civ. P. 19(a)(1), (2). Defendants' contention appears to be that if Hartford prevails on the worker's compensation offset issue, it will increase National Liability's potential exposure as an excess insurer. Perhaps so, but the position that National Liability presumably would advance to protect itself—that there is no offset—is the exact same position that Zhen and Li will argue, and the Court has no doubt that they will advocate their position vigorously. So "as a practical matter," Fed. R. Civ. P. 19(a), National Liability's ability to protect its interest will not be impaired.

**2.     Motion for protective order**

The Court grants Hartford's motion for protective order, in which it seeks a ruling that a number of third party subpoenas served by Zhen and Li are beyond the scope of proper discovery. It is clear from defendants' response to Hartford's motion that the subpoenas all involve potential claims other than the single claim currently made in this lawsuit: Hartford's claim that the worker's compensation offset language in its policy entitles it to an offset of the amounts recovered by Zhen on his worker's compensation claim. In particular, the subpoenas appear to be aimed at advancing potential claims by defendants for bad faith claim handling and consumer fraud. Rule 26(b)(1) limits the scope of discovery to matters that are "relevant to any party's claim or defense," and the subpoenas are not relevant to any claim or defense currently made in the lawsuit. Defendants argue that Hartford lacks standing to challenge the subpoenas, which are directed to non-parties, but there is no question that this Court, which is presiding over this case, has the authority to regular the scope of discovery in the case at the request of a party. That is what Rule 26(c)(1) specifically provides.

**Conclusion**

For the reasons stated above, the Court denies defendants' motion to stay pending arbitration or to dismiss [12] and grants plaintiff's motion for protective order [21]. The case remains set for a telephonic status hearing today at 10:30 AM to set a schedule for further proceedings.

Date: July 10, 2020

                                                       MATTHEW F. KENNELLY
                                                       United States District Judge